IN THE UNITED STATES DISTCT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO EVARISTO PEREZ § | | |
|     Plaintiff, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. |
| § | | 4:20-CV-02188 |
| § | | |
| LINKEDIN CORPORATION § | | |
|     Defendant. § | | |

## DEFENDANT LINKEDIN CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant LinkedIn Corporation ("Defendant" or "LinkedIn") files this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim pursuant to FED. R. CIV. P. 12(b)(6) and respectfully shows as follows.

## INTRODUCTION

The Court should dismiss Plaintiff's First Amendment claim because Plaintiff has failed to state a claim for relief. Plaintiff, *pro se*, contends that LinkedIn improperly censored his profile on LinkedIn.com due to Plaintiff's anti-Chinese government statements, and as such, violated his right to free speech. Even if Plaintiff's allegations are true, which they are not, Plaintiff cannot demonstrate that LinkedIn violated his right to free speech in accordance with the First Amendment of the United States Constitution. A myriad of cases provide that the First Amendment does not constrain private actors, like LinkedIn, from limiting or abridging speech. Thus, Plaintiff's claims fail on their face and the Court should dismiss Plaintiff's Complaint with prejudice.

1

## FACTUAL BACKGROUND

Plaintiff has filed suit against LinkedIn for allegedly violating his First Amendment right to free speech. Although Plaintiff's allegations are largely indiscernible, Plaintiff appears to allege that LinkedIn violated his First Amendment rights when it restricted his profile as a result of Plaintiff's "Anti Chinese [*sic*] Communist Party" comments. (Dkt. 1, Compl. at 5.) Plaintiff admits that LinkedIn is a "US Private Corporation in US Soil operating a global social mediation public forums [*sic*]." (*Id.*) However, Plaintiff also alleges that LinkedIn is a "puppet of the Chinese Communist Party's political agenda," and as such, LinkedIn has transformed from a private corporation to a Chinese entity. (*Id.*) According to Plaintiff, LinkedIn is an extension of the Chinese government and therefore somehow bound by the U.S. Constitution, while "operating on US soil." (*Id.*) Plaintiff asks the Court to restore his LinkedIn profile, to award him $250,000,000.00, and to order LinkedIn to amend its User Agreement "to reflect Franklin D. Roosevelt's 4 Freedoms." (*Id.* at 6.)

## APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal when a claimant has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Dismissal is appropriate when, as here, a claimant fails to offer sufficient factual allegations that make its asserted claims plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claimant must provide the grounds for its entitlement to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. A complaint that sets forth only "naked assertion[s]" devoid of "further

factual enhancement" is insufficient. *Id*. at 557. While the Court must accept as true all material allegations in the complaint, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate. *Twombly*, 550 U.S. at 570.

## ARGUMENTS AND AUTHORITIES

Plaintiff fails to state a claim under the First Amendment, because as Plaintiff admits LinkedIn is not a state actor. The Court should therefore dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6).

### A. The First Amendment Is Inapplicable to LinkedIn.

It is well-established that the First Amendment does not apply to private companies operating a private service, like LinkedIn. "[T]he constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976); *see also Lloyd Corp., Ltd. v. Tanner,* 407 U.S. 551, 567 (1972) ("[I]t must be remembered that the First and Fourteenth Amendments safeguard the rights of free speech and assembly by limitations on state action, not on action by the owner of private property used nondiscriminatorily for private purposes only."); *accord United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983) ("a conspiracy to violate First Amendment rights is not made out without proof of state involvement."). The

3

First Amendment does not regulate private parties, including online service providers. *See, e.g.*, *Howard v. Am. Online, Inc.*, 208 F.3d 741, 754 (9th Cir. 2000); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 631-32 (D. Del. 2007).

Courts across the country routinely hold that the First Amendment does not apply to social networking sites similar to LinkedIn. *See, e.g., Shulman v. Facebook*, No. 17-764, 2017 WL 5129885, at *4 (D.N.J. Nov. 6, 2017) (First Amendment claim against Facebook for allegedly blocking plaintiff from sharing content failed "as a matter of law because Plaintiff fails to plausibly allege that [Facebook is a] state actor") (compiling authorities); *Forbes v. Facebook, Inc.*, No. 16-cv-404, 2016 WL 676396, at *2 (E.D.N.Y. Feb. 18, 2016) (finding that Facebook is not a state actor for Section 1983 First Amendment claim); *Young v. Facebook, Inc.*, No. 10-cv-03579, 2010 WL 4269304, at *3 (N.D. Cal. Oct. 25, 2010) (holding that Facebook is not a state actor); *see also Green v. America Online (AOL)*, 318 F.3d 465, 472 (3d Cir. 2003) (finding that AOL was not a state actor even though "AOL provides a connection to the Internet on which government and taxpayer-funded websites are found, and . . . AOL opens its network to the public whenever an AOL member accesses the Internet and receives email or other messages from non-members of AOL.").

Although LinkedIn is available to the public, that is insufficient to find that LinkedIn is an instrument of the government that is bound by the First Amendment. The Ninth Circuit spoke directly to this issue in *Howard*: "Plaintiffs counter that AOL is a 'quasi-public utility' that 'involves a public trust.' This claim is insufficient to hold that AOL is an 'instrument or agent' of the government." 208 F.3d at 754; *accord PruneYard Shopping*

4

*Ctr. v. Robins,* 447 U.S. 74, 81 (1980) ("when a shopping center owner opens his private property to the public for the purpose of shopping, the First Amendment to the United States Constitution does not thereby create individual rights in expression beyond those already existing under applicable law"); *see also Langdon*, 474 F. Supp. 2d at 622, 631-32 ("Plaintiff's analogy of Defendants' private networks to shopping centers and his position that since they are open to the public they become public forums is not supported by case law."). Private property does not "lose its private character merely because the public is generally invited to use it for designated purposes." *Lloyd Corp. v. Tanner*, 407 U.S. 551, 569 (1972). As such, LinkedIn is not transformed into a state actor solely by "provid[ing] a forum for speech." *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2017). The First Amendment simply does not apply to LinkedIn.

### B. Plaintiff Fails to Plausibly Allege That LinkedIn is a State Actor Subject to the First Amendment.

In this case, Plaintiff acknowledges that LinkedIn is a private corporation. Plaintiff does not allege that LinkedIn has become a state actor on behalf of the United States. Rather, Plaintiff baselessly contends that although LinkedIn is a private company, it has transformed into a conduit of the *Chinese* government through its suppression of Plaintiff's comments. As noted above, the First Amendment only applies to the abridgements of speech imposed by the federal or state governments in the United States. Because Plaintiff does not plausibly allege any facts demonstrating that LinkedIn is a state actor or that it acted as a state actor when it "censored" Plaintiff's LinkedIn.com profile, the Court must dismiss his Complaint for failure to state a claim for relief.

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: August 14, 2020

                                              Respectfully submitted,

                                              */s/ Steven J. Mitby*
                                              Steven J. Mitby
                                              Texas Bar No. 24037123
                                              Federal Bar No. 33591
                                              smitby@seilermitby.com
                                              SEILER MITBY, PLLC
                                              2700 Research Forest Drive, Suite 100
                                              The Woodlands, Texas 77381
                                              Telephone: (281) 419-7770
                                              Facsimile: (281) 419-7791

                                              ATTORNEY-IN-CHARGE
                                              FOR DEFENDANT

OF COUNSEL FOR DEFENDANT:
Megan Rapp
Texas Bar No. 24073924
S.D. Texas I.D. 1260209
SEILER MITBY, PLLC
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
Telephone: (281) 419-7770
Facsimile: (281) 419-7791
mrapp@seilermitby.com

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2020 a true and correct copy of the foregoing Motion to Dismiss for Failure to State a Claim was served on the unrepresented Plaintiff via email and US Mail to the below addresses:

Alejandro Evaristo Perez
9233 Westheimer, #136
Houston, Texas 77063
Email: alejandro.evaristo.perez@gmail.com

*/s/ Megan Rapp*
Megan Rapp