IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO EVARISTO PEREZ<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§<br>§ | CIVIL ACTION NO.<br>4:20-CV-02188 |
| LINKEDIN CORPORATION<br>    Defendant. | §<br>§<br>§ | |

## DEFENDANT LINKEDIN CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant LinkedIn Corporation ("Defendant" or "LinkedIn") files this Reply in Support of the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim pursuant to FED. R. CIV. P. 12(b)(6) and respectfully shows as follows.

## ARGUMENTS AND AUTHORITIES

The Court should grant LinkedIn's Motion to Dismiss. Rather than address LinkedIn's legal arguments, Plaintiff's response attacks LinkedIn's counsel and disputes the nature of his claims. The Court should dismiss this case with prejudice, because Plaintiff has failed to demonstrate that he has a viable claim under the First Amendment.

### A. Plaintiff Fails to Rebut LinkedIn's Legal Arguments.

Plaintiff does not contest that LinkedIn is a private corporation, or that the First Amendment does not apply to private companies. Instead, Plaintiff accuses LinkedIn of misrepresenting the nature of the case as a "First Amendment" case, whereas Plaintiff claims this is a "Free Speech" case. Nevertheless, Plaintiff goes on to acknowledge that

1

the First Amendment includes the right to a freedom of speech. As such, Defendant has not misrepresented Plaintiff's allegations.

Plaintiff then argues that the "inverse" of the Supreme Court's decision in *Schenck v. U.S.* gives rise to an ethical obligation to warn the world about the Chinese government. However, *Schenck* is inapposite because it involves the restriction of speech by the government, not by a private party like LinkedIn. *See Scheck v. U.S.*, 249 U.S. 47 (1919). Ultimately, Plaintiff has not identified any authority supporting a Constitutional right to use LinkedIn to distribute his beliefs.

B. **Defendant Followed Local Rules.**

Plaintiff contends that the Court should deny the Motion to Dismiss due to defense counsel's purported failure to confer with Plaintiff, but this is not a basis to deny the Motion to Dismiss. Contrary to Plaintiff's assertions, Defendant did follow the Local Rules and the Court's procedures prior to filing the Motion. Defendant's Motion to Dismiss is a dispositive motion that does not require a pre-motion conference. L.R. 7.1(D).[1]

---

[1] Moreover, even if it were required, conferring with Plaintiff on a dispositive motion as to Plaintiff's only claim would have been futile, particularly given Plaintiff's unusual opinions regarding the nature of the case and LinkedIn's motivations. For example, when counsel conferred with Plaintiff regarding the Motion to Transfer, Plaintiff stated he opposed the motion, in part, because he needs to be close to his assault rifle so he can protect himself during the pendency of the litigation. Plaintiff has explained that he genuinely believes that LinkedIn is an instrument of the Chinese Communist Party, and that as a result of this lawsuit he is under threat of assassination. Although Defendant has attempted to alleviate these concerns by reassuring Plaintiff that this is absolutely not the case, and that he has no reason to be afraid, Defendant has been unable to allay Plaintiff's fears. Because of Plaintiff's fundamental distrust of LinkedIn and its attorneys, LinkedIn and Plaintiff have been unable to have productive discussions regarding this case.

## **CONCLUSION**

For these reasons, and for the reasons set forth in the opening Motion, the Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: August 28, 2020

                                            Respectfully submitted,

                                            */s/ Steven J. Mitby*
                                            Steven J. Mitby
                                            Texas Bar No. 24037123
                                            Federal Bar No. 33591
                                            smitby@seilermitby.com
                                            SEILER MITBY, PLLC
                                            2700 Research Forest Drive, Suite 100
                                            The Woodlands, Texas 77381
                                            Telephone: (281) 419-7770
                                            Facsimile: (281) 419-7791

                                            ATTORNEY-IN-CHARGE
                                            FOR DEFENDANT

OF COUNSEL FOR DEFENDANT:
Megan Rapp
Texas Bar No. 24073924
S.D. Texas I.D. 1260209
SEILER MITBY, PLLC
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
Telephone: (281) 419-7770
Facsimile: (281) 419-7791
mrapp@seilermitby.com

## **CERTIFICATE OF SERVICE**

I certify that on August 28, 2020 a true and correct copy of the foregoing Reply in Support of Motion to Dismiss for Failure to State a Claim was served on the unrepresented Plaintiff via email and US Mail to the below addresses:

Alejandro Evaristo Perez
9233 Westheimer, #136
Houston, Texas 77063
Email: alejandro.evaristo.perez@gmail.com

                                      */s/ Megan Rapp*
                                      Megan Rapp