IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO EVARISTO PEREZ<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§<br>§ | CIVIL ACTION NO.<br>4:20-CV-02188 |
| LINKEDIN CORPORATION<br>    Defendant. | §<br>§<br>§ | |

**DEFENDANT LINKEDIN CORPORATION'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendant LinkedIn Corporation ("Defendant" or "LinkedIn") files this Reply in Support of the Motion to Transfer Venue and respectfully shows as follows.

**ARGUMENTS AND AUTHORITIES**

**A. The User Agreement Venue Selection Clause Survives Member Account Restriction.**

The terms of LinkedIn's User Agreement are unequivocal and clearly state the parties' intent for the venue selection clause to survive the termination of the User Agreement.[1] *See* Dkt. 9-2, LinkedIn User Agreement §§ 5, 6. Nonsensically, Plaintiff avers that the venue selection clause "destructed," because the savings clause in section 5 of the User Agreement did not survive. This argument ignores the plain language of the contract, as well as Texas and California law pertaining to the survival of forum-selection clauses. The general rule is that a forum-selection clause remains enforceable as to disputes involving a contract that has otherwise expired, absent express language that the parties

---

[1] Notably, Plaintiff does not contest that this dispute falls within the scope of the venue selection clause.

1

intended the forum-selection clause to expire, *See, e.g., Strata Heights International Corp. v. Petroleo Brasileiro, S.A.*, 67 Fed. Appx. 247, 2003 WL 21145663, at *7 (5th Cir. April 28, 2003) ("When a clause purports to cover all disputes relating to the contract, that clause covers all disputes relating to the contract regardless of when th[e] dispute arises."); *Weatherford International, LLC v. Binstock*, 2020 WL 1692549, at *3 (S.D. Tex. April 7, 2020) (enforcing venue selection clause in terminated contract); *see also Marcotte v. Micros Sys., Inc.*, 2014 WL 4477349, at *9 (N.D. Cal. Sept. 11, 2014) ("Dispute resolution provisions presumptively survive termination of a contract," and citing *Saleemi and Sob, LLC v. Gosh Enterps., Inc.,* 467 Fed. Appx. 744, 744 (9th Cir. Feb. 3, 2012) (mem. op.)). Here, Section 5 of the User Agreement explicitly provides that the venue selection clause survives termination. The Court should therefore reject Plaintiff's arguments to the contrary.

### B. This is Not an Exceptional Case.

This case arises out of LinkedIn's restriction of Plaintiff's account. As demonstrated by the evidence attached to Defendant's Motion, Defendant is a Delaware corporation with its principal place of business in Sunnyvale, California. (Dkt. 9-1, Harmston Dec. at ¶ 3.) Yet, Plaintiff has convinced himself that LinkedIn is a conduit of the Chinese government, that the restriction of his account is part of a larger conspiracy orchestrated by the Chinese Communist Party, and that he is at risk of being assassinated. Of course, there is no evidence that any of this is even remotely true. Plaintiff further

contends that transferring the case to California would deprive him of easy access to his assault rifle despite the fact he cannot take his assault rifle to any courthouse.

Ultimately, Plaintiff offers no evidence or legal authority in support of his contention that this is an exceptional case. According to the Supreme Court, there are three reasons a forum selection clause may be unenforceable: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (internal quotations and citations omitted); *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585 (1991); *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1 (1972). Plaintiff's response does not offer arguments or evidence to support any of these exceptions and instead raises irrelevant theories related to COVID-19 and the Chinese government unsubstantiated by any admissible (or credible) facts. As such, Plaintiff has failed to demonstrate that this is an exceptional case, and the LinkedIn User Agreement forum selection clause should be enforced.

## **CONCLUSION**

For these reasons, and for the reasons set forth in the opening Motion, the Court should transfer this case to the Northern District of California.

Dated: September 4, 2020

    Respectfully submitted,

    */s/ Steven J. Mitby*
    Steven J. Mitby
    Texas Bar No. 24037123
    Federal Bar No. 33591
    smitby@seilermitby.com
    SEILER MITBY, PLLC
    2700 Research Forest Drive, Suite 100
    The Woodlands, Texas 77381
    Telephone: (281) 419-7770
    Facsimile: (281) 419-7791

    ATTORNEY-IN-CHARGE
    FOR DEFENDANT

OF COUNSEL FOR DEFENDANT:
Megan Rapp
Texas Bar No. 24073924
S.D. Texas I.D. 1260209
SEILER MITBY, PLLC
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
Telephone: (281) 419-7770
Facsimile: (281) 419-7791
mrapp@seilermitby.com

## CERTIFICATE OF SERVICE

I certify that on September 4, 2020, a true and correct copy of the foregoing Reply in Support of Motion to Transfer Venue was served on the unrepresented Plaintiff via email and US Mail to the below addresses:

Alejandro Evaristo Perez
9233 Westheimer, #136
Houston, Texas 77063
Email: alejandro.evaristo.perez@gmail.com

*/s/ Megan Rapp*
Megan Rapp
