Case 4:20-cv-02188   Document 21   Filed on 10/09/20 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
October 09, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO EVARISTO PEREZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-2188 |
| | § | |
| LINKEDIN CORPORATION, | § | |
| Defendant. | § | |

# **MEMORANDUM AND ORDER**

Before the Court are LinkedIn Corporation's ("Defendant's") Motion to Transfer Venue [Doc. # 9] ("Motion to Transfer") and Motion to Dismiss Plaintiff's Complaint [Doc. # 10] ("Motion to Dismiss" and, with the Motion to Transfer, the "Motions"). Plaintiff Alejandro Evaristo Perez ("Plaintiff") has responded to Defendant's Motions,[1] and Defendant has replied.[2] Based on the briefing, pertinent matters of record, and relevant legal authorities, the Court **grants** Defendant's Motions.

---

[1] Opposed Motion to Defendant LinkedIn Corporation's Motion to Dismiss for Failure to State a Claim [Doc. # 12] ("Opposition to Motion to Dismiss"); Opposed Motion to Defendant LinkedIn Corporation's Motion to Transfer Venue [Doc. # 14] ("Opposition to Motion to Transfer").

[2] Defendant LinkedIn Corporation's Reply in Support of Motion to Dismiss for Failure to State a Claim [Doc. # 15]; Defendant LinkedIn Corporation's Reply in Support of Motion to Transfer Venue [Doc. # 16].

## I.     BACKGROUND

The following factual summary is based on the allegations in Plaintiff's Complaint [Doc. # 1] and, for the purpose of the issue of transfer, the declaration of Tsitsi Harmston, attached as Exhibit A to Defendant's Motion to Transfer [Doc. # 9-1] ("Harmston Decl.").

Plaintiff is an individual living in Houston, Texas.³ Defendant is a Delaware company headquartered in Santa Clara County, California.⁴ Defendant owns and operates LinkedIn, a professional networking website with over 690 million members.⁵ LinkedIn is a service that allows users to browse the network, create profiles, and post content for free.⁶ Defendant requires that users agree to its terms of service before creating a profile.⁷

Plaintiff used LinkedIn and had a profile with over 7,000 connections.⁸ In May 2020, Defendant removed several of Plaintiff's LinkedIn posts and restricted

---

³     Complaint for a Civil Case [Doc. # 1] ("Complaint") at 1.

⁴     Declaration of Tsitsi Harmston [Doc. # 9-1] ("Harmston Decl.") ¶ 3.

⁵     *Id.* ¶ 3.

⁶     *Id.*

⁷     *Id.* ¶¶ 1.3, 6. The user agreement operative at the time of the events giving rise to Plaintiff's claims is attached as Exhibit 1 to the Harmston Declaration. *See* User Agreement, effective January 6, 2020, ("User Agreement") [Doc. # 9-2].

⁸     Complaint at 5.

access to his profile after Plaintiff violated LinkedIn's terms of use.[9] After access to his account was restricted, Plaintiff emailed Defendant and requested that his account be reinstated.[10] Defendant did not grant Plaintiff's request.[11]

On June 22, 2020, Plaintiff acting *pro se* filed this lawsuit claiming that Defendant violated his First Amendment rights.[12] Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and, alternatively, seeks a transfer of the case to the Northern District of California pursuant to a forum selection clause in the User Agreement.[13] The Court grants these motions.

## II. DISCUSSION

### A. Motion to Dismiss

#### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint

---

[9] *Id.* at 5; Harmston Decl. ¶ 5.

[10] Complaint at 5.

[11] *See id.*

[12] *See id.*

[13] *See* Motion to Dismiss; Motion to Transfer.

must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Importantly, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

A document filed *pro se* must be "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). *See* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"); *Hood v. Pope*, 627 F. App'x 295, 299 n.7 (5th Cir. 2015).

### 2. Analysis

Defendant argues that Plaintiff's Complaint must be dismissed because Defendant is a private actor not constrained by the First Amendment.[14] It is true that "the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976); *see also Lloyd Corp., Ltd. v. Tanner*, 407 U.S. 551, 567 (1972) ("the First and Fourteenth Amendments safeguard the rights of free speech and assembly by limitations on state action, not on action by the owner of private property used nondiscriminatorily for private purposes only."). The First Amendment does not apply to private parties, including online service providers and social networking sites. *See, e.g.*, *Denver Area Educ. Telecomms. Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 737 (1996).[15]

---

[14]   *See* Motion to Dismiss at 1.

[15]   In *Denver*, the Supreme Court "recognize[d] that the First Amendment, the terms of which apply to governmental action, ordinarily does not itself throw into constitutional doubt the decisions of private citizens to permit, or to restrict, speech—and this is so ordinarily even where those decisions take place within the framework of a regulatory regime such as broadcasting." 518 U.S. at 737; *accord Shulman v. Facebook*, No. 17-764, 2017 WL 5129885, at *4 (D.N.J. Nov. 6, 2017) (finding that First Amendment claim against Facebook failed "as a matter of law because Plaintiff fails to plausibly allege that [Facebook is a] state actor"); *Forbes v. Facebook, Inc.*, No. 16-cv-404, 2016 WL 676396, at *2 (E.D.N.Y. Feb. 18, 2016) (finding Facebook was not a state actor); *Young v. Facebook, Inc.*, No. 10-cv-03579, 2010 WL 4269304, at *3 (N.D. Cal. Oct. 25, 2010) (same).

Plaintiff engages in semantics also to argue that this is not a First Amendment case, but a "Free Speech Violation Case."[16] Plaintiff claims he has a fundamental "right to express any opinions without censorship or restraint" separate from and broader than that guaranteed in the First Amendment.[17] Plaintiff argues that even if the First Amendment does not apply to Defendant, Defendant has nevertheless violated his separate "right to freedom of speech."[18] Plaintiff also argues conclusorily that Defendant is subject to the First Amendment because it is "a governmental entity and a puppet of the Chinese Communist Party's political agenda," not a private actor[19] and, because Defendant is functionally a state actor operating in the United States, it is subject to the First Amendment.[20]

These arguments each are unpersuasive. Plaintiff does not cite any authority to support his position that there exists an unrestricted right to freedom of speech separate and apart from the First Amendment, and the Court is aware of no such authority. Likewise, Plaintiff provides no authority for his claim that the First

---

[16] Response to Motion to Dismiss at 4; *see also* Complaint at 1 ("this is a free speech violation case . . .").

[17] Response to Motion to Dismiss at 4.

[18] *Id.* at 4-5 (internal quotation marks omitted).

[19] Complaint at 5.

[20] *Id.*

6

Amendment applies to foreign governments operating in the United States. Plaintiff has failed to plead any legally recognized theory. In an exercise of caution, and because Plaintiff proceeds *pro se*, his Complaint is dismissed without prejudice.[21] *See* FED. R. CIV. P. 15(a).[22]

### B. Motion to Transfer

Because Plaintiff's claim is dismissed without prejudice, judicial economy dictates that the Court address Defendant's request for transfer of this case to the Northern District of California, San Jose Division. The Court concludes that Plaintiff has filed suit in the wrong forum and the matter must be transferred.

#### 1. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party seeking to transfer venue bears the

---

[21] Because the Court finds that the First Amendment does not apply to Defendant, the Court does not reach Plaintiff's remaining arguments that the posts allegedly censored by Defendant were forms of speech protected by the First Amendment. *See* Response to Motion to Dismiss at 4-13.

[22] The Federal Rules of Civil Procedure instruct federal courts to "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.").

7

burden to "satisfy the statutory requirements and clearly demonstrate that transfer is appropriate. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) (quoting 28 U.S.C. § 1404(a)) (alteration in original). The ultimate decision whether to transfer a case pursuant to § 1404(a) is within the sound discretion of the district court. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

In ruling on a motion to transfer, a court first must address if the civil action could have originally been brought in the transferee court under the applicable venue statute. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Here, Plaintiff could have filed suit in the Northern District of California, where Defendant is headquartered.[23] "If the action could have been brought in the alternate venue, the court must then weigh a series of non-exhaustive private and public interest factors, none of which is given dispositive weight." *LeBlanc v. C.R. Eng., Inc.*, 961 F. Supp. 2d 819, 830 (N.D. Tex. 2013) (citing *In re Volkswagen*, 545 F.3d at 315).

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315 (internal quotation marks and citation omitted). The

---

[23] Harmston Decl. ¶ 3.

public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (internal quotation marks and citation omitted) (alteration in original).

2. **Analysis**

   a. **Scope and Survival of the User Agreement's Forum Selection Clause**

It is uncontroverted the parties signed a User Agreement, an agreement to which all LinkedIn users must consent. Although the terms of the User Agreement have changed from time to time, since 2011 and at all times relevant to this case the User Agreement has included a forum selection clause requiring "all" disputes related to Defendant's services to be brought in state or federal court in Santa Clara

County, California.[24]  The User Agreement also provides that the forum selection clause survives in the event the Agreement is terminated.[25]

Defendant argues that Plaintiff's claims are thus subject to the forum selection clause because they "relat[e] to [the User Agreement] and/or the Services."[26] Plaintiff does not contest that his claims fall within the scope of the forum selection clause, but instead argues that Defendant terminated the User Agreement by restricting access to his account and the forum selection clause did not survive that termination.[27]

---

[24]  Motion to Transfer at 1-2; User Agreement, effective January 6, 2020 ("User Agreement") [Doc. # 9-2], ¶ 6.  The User Agreement in effect when Defendant restricted access to Plaintiff's LinkedIn profile states:

> You and LinkedIn agree that the laws of the State of California, U.S.A., excluding its conflict of laws rules, shall exclusively govern any dispute relating to this Contract and/or the Services.[24]  ***You and LinkedIn both agree that all claims and disputes can be litigated only in the federal or state courts in Santa Clara County, California, USA,*** and you and LinkedIn each agree to personal jurisdiction in those courts.

*Id.* (emphasis added).  *See also* User Agreement, effective August 11, 2020 [Doc. # 9-3], ¶ 6.

[25]  *Id.* ¶ 5.

[26]  Motion to Transfer at 3, 7-8 (quoting User Agreement ¶ 6).

[27]  Response to Motion to Transfer at 3-4.

The User Agreement's survival clause states that certain sections, including the forum selection clause, survive termination.[28] Plaintiff nevertheless argues that the survival clause was "self-destructive" in that the survival clause did not list itself among the clauses that would survive termination.[29] Thus, Plaintiff argues, the survival clause was ineffective and the entire User Agreement, including the forum selection clause, was terminated when Defendant restricted access to Plaintiff's profile.[30]

Plaintiff's argument is without merit. Interpreting the survival clause as self-destructing is contrary to the User Agreement's express language and clear meaning that specified sections of the agreement would survive.[31] *See Strata Heights International Corp. v. Petroleo Brasileiro, S.A.*, 67 F. App'x 247, 2003 WL 21145663, at *7 (5th Cir. Apr. 28, 2003) ("When a clause purports to cover all disputes relating to the contract, that clause covers all disputes relating to the contract regardless of when that dispute arises.").

Plaintiff's argument also is contrary to Texas and California law holding that forum selection clauses remain enforceable as to otherwise terminated or expired

---

[28] User Agreement ¶ 5.

[29] Response to Motion to Transfer at 3-4.

[30] *Id.*

[31] *See* User Agreement ¶ 5.

11

contracts absent express language indicating that the parties intended the clause to expire.[32] Accordingly, Plaintiff's claims are subject to the User Agreement's forum selection clause.

The Court next analyzes the private and public factors governing motions to transfer venue.

### b. Private and Public Interest Factors

#### i. Private Interest Factors

Where there is a valid and enforceable forum selection clause, the plaintiff's choice of a different forum has no weight, and the party opposing transfer bears the burden to demonstrate that transfer is unwarranted. *Marine Constr. Co., Inc. v. U.S. Dist. Court*, 571 U.S. 49, 63-64 (2013). "[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit

---

[32] *Strata Heights*, 67 F. App'x 247, 2003 WL 21145663, at *7; *see also Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561, 570 (S.D. Tex. April 7, 2020) ("Absent express intent that the parties intended the forum-selection clause to expire, the court will apply the general rule that a forum-selection clause remains enforceable as to disputes involving a contract that has otherwise expired."); *Saleemi and Sob, LLC v. Gosh Enterps., Inc.*, 467 F. App'x 744, 744 (9th Cir. Feb. 3, 2012) (stating that there exists a "presumption that dispute resolution provisions survive termination of a contract . . .").

12

of the litigation." *Id.* at 64. As a result, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum" and may consider only the public interest factors, which "will rarely defeat a transfer motion." *Id.*

Because the forum selection clause at issue was valid and survived the Agreement's termination, the private interest factors weigh entirely in favor of transfer to the Northern District of California.

### ii. Public Interest Factors

The Court concludes that the public interest factors are neutral and therefore do not outweigh the private interest factors directing transfer to the Northern District of California.

***Administrative Difficulties Flowing from Court Congestion***.— The parties do not make any arguments regarding administrative difficulties or court congestion. The Court concludes that this factor does not weigh in favor of or against transfer.

***Local Interest in Having Localized Interests Decided at Home***.— LinkedIn argues that because it is headquartered in the Northern District of California, this case involves interests local to that district.[33] In response, Plaintiff argues that this

---

[33] Motion to Transfer at 2-3.

case involves interests local to Texas because he is a Texas resident.[34] The Court finds that this factor does not weigh in favor of or against transfer.

***Familiarity of the Forum with the Law Governing the Case.*** — The User Agreement contains a choice of law provision selecting California law.[35] However, Plaintiff's claims arise under the First Amendment and it is not clear that the interpretation of California law will be required to resolve Plaintiff's claims.[36] The Court finds that this factor does not weigh in favor of or against transfer.

***Avoidance of Unnecessary Problems with Conflict of Laws.*** — The parties do not argue that hearing this case in a particular venue would cause or avoid unnecessary problems with conflict of laws. The Court concludes that this factor does not weigh in favor of or against transfer.

Because Plaintiff's claims are subject to a valid forum selection clause, the private interest factors weigh entirely in favor of transfer to the Northern District of California. The public interest factors have no effect on that result. The Court accordingly concludes that any amended pleadings must be filed in the Northern District of California.

---

[34] Response to Motion to Transfer at 9.

[35] User Agreement ¶ 6.

[36] *See* Complaint.

## III. **CONCLUSION**

Plaintiff's putative claims clearly arise under the First Amendment, which does not constrain private actors such as Defendant. Plaintiff's use of Defendant's website was governed by a User Agreement containing a valid and enforceable forum selection clause mandating suit in the Northern District of California. Plaintiff's claims fall within the scope of the forum selection clause and the public interest factors do not alter that outcome. It is therefore

**ORDERED** that Defendant LinkedIn Corporation's Motion to Dismiss for Failure to State a Claim [Doc. # 10] is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. It is further

**ORDERED** that this case is **DISMISSED**. If Plaintiff seeks to file an amended complaint to pursue alternate claims against Defendant, he must **file his new pleading within 14 days of this Order** and the Court will **transfer** the case to the Northern District of California, San Jose Division, for further proceedings. It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 20] is **DENIED as moot**.

SIGNED at Houston, Texas, this 9th day of **October, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE